UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| EDGAR OMAR GARZA,<br>    Plaintiff,<br><br>v.<br><br>SUSAN GOWLISHAW, REGIONAL<br>    DIRECTOR OF THE HOUSTON PASSPORT<br>    AGENCY, HOUSTON, TEXAS,<br>MICHAEL R. POMPEO, UNITED STATES<br>    SECRETARY OF STATE, and<br>THE UNITED STATES OF AMERICA.<br>    Defendants. | CIVIL ACTION<br>1:19 - cv - 111 |

**COMPLAINT FOR A DECLARATORY JUDGMENT**

Edgar Omar Garza ("Mr. Garza"), through counsel, files the instant Complaint for Declaratory Judgment under 28 U.S.C. §1331 (federal question), with 28 U.S.C. §2201 (Declaratory Judgment Act) and 8 U.S.C. §1503 (denial of rights and privileges as a United States Citizen).

### I. JURISDICTION AND VENUE

1. Jurisdiction lies under 28 U.S.C. § 1331 (federal question), and under 8 U.S.C. §1503 (rights and privileges as a United States Citizen).

2. Venue is appropriate because Mr. Garza is a resident of Harlingen, residing in Harlingen, Cameron County, Texas, within the jurisdiction of this court. 28 U.S.C. § 1391(e)(1)(C).

3. Denying Mr. Garza's application to renew his United States Passport constitutes a denial of privilege on the basis that he is not a "national of the United States," defined by 8 U.S.C.

§1101(a)(22) to include "a citizen of the United States," and is cognizable under 8 U.S.C. §1503.

## II.  THE PARTIES

4. Plaintiff is a United States Citizen.  He was born in Brownsville, Cameron County, Texas in 1991, and is currently residing at 2601 Wilson Road, Lot 59, Harlingen,. Texas 78552.

5. Defendant Michael R. Pompeo is the duly appointed Secretary of State of the United States. Defendant Susan Gowlishaw is the Regional Director of the Houston Passport Agency, Houston, Texas.  All are sued in their official capacities only.  The United States of America is also a named Defendant.

## III.  THE FACTS

6. Edgar Omar Garza was born in 1991 in Brownsville, Texas.  His birth was assisted by Margarita Garcia (whose whereabouts are unknown; she is thought to be deceased) who was convicted of filing some false birth records, asserting that children born in Mexico were born in Texas. *Exhibit A (sealed), incorporated herein.*

7. At the time of his birth, both parents lived in Matamoros, Tamaulipas, Mexico.  They had documents allowing them to enter the United States.  *Id.*

8. Mr. Garza and his parents returned to Matamoros, Tamaulipas, Mexico the day after he was born. Mr. Garza immediately became ill, and was taken to a doctor.  Mr. Garza's mother then immediately went and registered Mr. Garza as born in Mexico, so he would have access to medical services in Mexico from the Seguro Social.  *Id.*

9. The midwife signed Mr. Garza's birth certificate on the day of his birth, and it was posted by the registrar in Brownsville, Texas twelve days later.  *Id.*

10. In 1994, Mr. Garza's father, who became a resident on December 1, 1990, petitioned for his

spouse and four children, who had been born in Mexico. An interview was scheduled for them in Ciudad Juarez on October 17, 2000, and they were granted immigrant visas. At that time, Mr. Garza and his family came to live in the United States, in Brownsville, Texas. *Id.*

11. In 2008, Mr. Garza applied for a U.S. passport card. He was asked for supplemental documentation to establish he was born in the United States, and complied with all requests. The passport card was issued on August 1, 2008, good for the full ten years. *Id.*

12. In early 2011, Mr. Garza submitted an I-130, Petition for Alien Relative, on behalf of his spouse. The petition was approved in September 2011, then revoked on October 24, 2018, after Mr. Garza's passport card expired. *Id.*

13. On November 12, 2018, Mr. Garza submitted an application to renew his passport card, proactively submitting supplemental documentation. *Id.*

14. On December 12, 2018, Mr. Garza received a request for supplemental documentation, asking for documents Mr. Garza had already provided.

15. On January 21, 2019, we responded to that request, reminding the Passport Center of the documentation we had already provided and including original and certified copies of same, updating the information on the DS-5513 which had already been provided with Mr. Garza's current address, and adding a copy of the receipt Mr. Garza's mother had received from the midwife, as well as documentation establishing that Mr. Garza's mother and siblings, all of whom had been born in Mexico, immigrated based on an I-130, filed by his father. We indicated we had no more documents to submit and asked that the decision be made quickly. Mr. Garza needs to travel and he wishes to petition for his wife again, so she may gain legal status. *Id.*

16. On May 16, 2019, we wrote to the Passport Center, asking for a decision, noting that five

months had passed without a decision on Mr. Garza's passport card, and indicating that if no decision were made by June 15, 2019, we would consider the application constructively denied. We have had no response. *Id.*

## IV.  CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT UNDER 8 U.S.C. § 1503(a)

17.  Petitioner incorporates by reference allegations 1 through 16.

23. Mr. Garza has been denied rights and privileges claimed as a national of the United States within the meaning of 8 U.S.C. §1503(a) by virtue of the denial of his application to renew his United States Passport. Therefore, Mr. Garza is entitled to bring a declaratory judgment action, seeking a declaration that he is, indeed, a United States Citizen, under 8 U.S.C. §1503.

24. Mr. Garza has produced substantial documentation in support of his application, sufficient to meet the standard of proof, *to wit*, the preponderance of the evidence. *Tijerina v. Brownell*, 141 F. Supp. 266, 270 (S.D.Tex. 1956). The preponderance of the evidence standard requires showing that the fact is more likely than not true. As the Supreme Court has explained it, the parties "share the risk of error in roughly equal fashion." *Addington v. Texas*, 441 U.S. 418, 423 (1979). Evidence that "*some* birth attendants fraudulently registered *some births* as having occurred in the United States even though they actually occurred outside the United States," is no evidence with regard to the specific case of Mr. Garza. Moreover, the fact that the midwife who attended the birth of Mr. Was convicted of submitting some false birth records also does not constitute probative evidence with regard to the specific case of Mr. Garza. Such speculation cannot refute the substantial documentation he has provided in support of his birth in the United States.

## V.  PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Court:

(1)     issue a Declaratory Judgment declaring that Mr. Garza is, indeed, a United States Citizen; and

(2)     award costs, attorney's fees, and such other and further relief as the Court may deem just and appropriate.

Respectfully Submitted 24 June 2019,

s// *Cathy J. Potter*
Cathy J. Potter
Law Firm of Cathy J Potter PLLC
409 East Jackson Avenue
Harlingen, TX 78550
(956) 622-3011 Telephone
(956) 622-3017 Facsimile
Federal I.D.  1060322   Pennsylvania Bar 210071

## VERIFICATION

I, Cathy J. Potter, hereby certify that I am familiar with Plaintiff's case and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

s/ *Cathy J. Potter*
Cathy J. Potter